

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. K. Wilkinson
County Auditor, Hill County
Hillsboro, Texas

Dear Sir:

Opinion Number O-3981
Re: Authority of a County Com-
missioners' Court to sell
road district bonds when
only one bid has been re-
ceived therefor.

We have your letter of September 15, requesting our
opinion on the following question:

"Can these bonds be sold on only one bid?
Is the form of advertisement that I am sub-
mitting correct?"

The bonds to which you refer are those authorized
by Road District Number 5 of Hill County, dated April 10,
1919, bearing interest at the rate of 5% per annum, and which
have been in the custody of the Commissioners' Court of the
county pending the time when funds to be derived from the sale
of such bonds are needed for the construction and maintenance
of roads within said Road District. It now appears that a
necessity exists for the sale of such bonds, and the county
has advertised for bids for the sale thereof and has received
only one bid pursuant to such advertisement.

Assuming that Road District Number 5 of Hill County
lies entirely within the county, Article 752j, of Vernon's Anno-
tated Civil Statutes, would constitute the legal direction for
the sale of such bonds. This article provides that after ap-
proval and registration as provided by law relative to other
bonds, such bonds shall continue in the custody and control
of the Commissioners' Court in the county in which they were

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

799

issued, and shall be by said court sold to the highest and best bidder for cash, either in whole or in parcels, but at not less than their par value, and the purchase money therefor shall be placed in the County Treasury for such county to the credit of the available road fund for such political subdivision or road district. It will be seen that the above statute does not require the advertisement for bids; the only duty imposed upon the Commissioners' Court with reference to the sale of road district bonds is that the court shall sell said bonds to the highest and best bidder for cash at not less than the par value of the bonds.

Therefore, if only one bid has been received for the bonds, it must be conceded that such bid is the highest and best bid obtained, and in the event the bid contemplated a payment of not less than par for said bonds, it is our opinion that the court would be authorized to sell the bonds even though only one bid had been received.

The second part of your question relates to the correctness of the advertisement, wherein the county advertised for bids. Inasmuch as there is no requirement for the advertisement for bids, we think the form such advertising by the county may take would be relatively unimportant so long as the result of such advertising was to effect a sale of the bonds at a price of not less than par value.

Trusting that the foregoing satisfactorily answers your inquiry, we are

APPROVED OCT 9, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-a



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN